# CIRCUIT COURT OF ALBEMARLE COUNTY

Mary B. Hodges

v.

Donald Perry

November 10, 1997

Case No. (Law) CL97-6643

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on State Farm's Motion in Limine to Exclude Plaintiff's Written-Off Medical Expenses.

In Virginia, "an expense can only be 'incurred' ... when one has paid it or become legally obligated to pay it." *Virginia Farm Bureau Mut. Ins. Co. v. Hodges*, 238 Va. 692, 696 (1989). Therefore, plaintiffs who are injured due to the negligence of another, are only entitled to be compensated for those medical expenses which they have paid or become legally obligated to pay. Where a service provider accepts a payment which is less than that initially or typically charged for its service and discharges the recipient's obligation to pay, the amount thus accepted, rather than the price quoted, is the actual cost or expense of the services.

Thus, where a health care provider accepts an amount less than that typically charged for its service as payment in full due to its participation in the Medicare program, the amount paid by Medicare, plus any deductible owed by the Medicare recipient, constitutes the recipients' actual medical expenses. It is the only sum which the recipient, or its insurer, has paid or become legally obligated to pay. The plaintiff in this matter is not legally obligated to pay the hospital for that portion of her medical bills which was written off by Medicare. Therefore, that portion of her medical bills which was written off may not be considered when computing her actual medical expenses.

Such a result does not violate the collateral source rule. Under that rule, "compensation or indemnity received by a tort victim from a source collateral to the tortfeasor may not be applied as a credit against the quantum of damages

the tortfeasor owes." *Schickling v. Aspinall*, 235 Va. 472, 474 (1988). In this case, the indemnity received by the plaintiff from Medicare is not being applied as a credit against the quantum of damages owed. The plaintiff is entitled to recover all sums paid by Medicare on her behalf. However, she is not entitled to recover those sums which were written off by her health care provider. This outcome does not result in the defendant's receiving a credit for Medicare's indemnification of the plaintiff and is fully consistent with the dictates of the collateral source rule.

In summary, the plaintiff may not include in her medical expenses those sums which were written off by her health care providers because those sums are not amounts which she has paid or is legally obligated to pay and thus do not constitute expenses which she has incurred as a result of the defendant's negligence.